IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVETTE KINARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>acting commissioner of Social )<br>Security, )<br>)<br>Defendant. ) | No. 13 C 4363<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yvette Kinard ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her claim for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court grants in part and denies in part Plaintiff's Motion for Summary Judgment, [Doc. No. 19], and denies the Commissioner's Motion for Summary Judgment, [Doc. No. 27]. This case is hereby remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion.

# BACKGROUND

## I. PROCEDURAL AND FACTUAL HISTORY[1]

Plaintiff has suffered from a variety of medical issues for the better part of twenty years, such as fibromyalgia, depression, and obesity. Unfortunately, in 2002 and then again in 2005, she was involved in two car accidents, which greatly exacrbated her symptoms of pain and functional limitations. Plaintiff thus filed a Title II application for SSDI benefits and a Title XVI application for SSI benefits, alleging a disability onset date of July 1, 2005. Her application was denied initially and upon reconsideration. Accordingly, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who issued a partially favorable decision, finding that she was disabled as of May 1, 2011.

In his opinion, the ALJ found that Plaintiff suffered from the following severe impairments: possible fibromyalgia/arthritis; obesity; and myofascial pain syndrome. After determining that Plaintiff did not meet any listed impairment, the ALJ then calculated her Residual Functional Capacity ("RFC") and found that from July 1, 2005 to April 30, 2011, she could perform light work with certain restrictions. Next, the ALJ consulted with a Vocational Expert ("VE") and determined that Plaintiff could perform her past relevant work during the aforementioned period, and, moreover, that she could perform other jobs that existed in significant numbers in the national economy. After April 30, 2011, however, the ALJ found that Plaintiff's condition had worsened to the point where

---

[1] The following facts from the parties' submissions are undisputed unless otherwise noted.

she could perform less than the full range of sedentary work. Accordingly, the ALJ again consulted with the VE, but this time determined that Plaintiff could neither perform her past relevant work nor work any jobs that existed in significant numbers in the national economy. Thus, the ALJ found that Plaintiff was disabled under the Social Security Act beginning May 1, 2011.

## STANDARD OF REVIEW

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ conducts a five-step analysis and considers the following in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.*

3

Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Under this standard, the ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Rather, the ALJ must simply "build an accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, and minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

In reviewing an ALJ's decision, a court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. Thus, where conflicting evidence would allow reasonable minds to differ, the court

must defer to the decision of the Commissioner. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990).

## DISCUSSION

On appeal, Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor based upon proper legal standards, asserting: (1) the ALJ improperly evaluated the medical evidence of Plaintiff's fibromyalgia; (2) the ALJ illegitimately discredited Plaintiff's allegations of disabling pain; and (3) the ALJ inaccurately characterized the physical demands of her past relevant work. Because the Court finds (1) and (2) to be dispositive, it will confine its discussion to those issues only.

## I. The ALJ's Credibility Determination and Analysis of Medical Evidence

This case should be remanded for the simple reason that the ALJ failed to make any credibility finding whatsoever. In evaluating Plaintiff's claims of disabling pain, the ALJ was required to consider the factors in SSR 96-7p[2] and "minimally articulate" his findings. Yet, instead of satisfying the low threshold of "minimal articulation," the ALJ merely recited the typical boilerplate language admonished by the Seventh Circuit, *see Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012), and detailed a few medical records related to Plaintiff's motility. There is no mention of Plaintiff's testimony, nor any analysis of the credibility factors in SSR 96-7p. To the extent the ALJ believed the cited medical evidence detracted from the

---

[2] Those factors include: (1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004)

veracity of Plaintiff's testimony, he should have said so explicitly and conducted at least a cursory analysis. *See Lopez* ex rel. *Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (explaining that an ALJ's credibility finding must "be supported by record evidence and [be] 'sufficiently specific to make clear . . . to any subsequent reviewers the weight [given] to the individual's statements and the reasons for that weight.'"). The ALJ did nothing of the sort here.

This error becomes especially significant in light of Plaintiff's central claim on appeal: that she has been diagnosed with, and suffers greatly from, fibromyalgia. Pain is thus a very real component of her disability claim. The ALJ, however, only found that she had "possible fibromyalgia" and therefore did not analyze in detail the pertinent medical evidence and its potential effect on Plaintiff's broader claim of disability — despite various medical records that indicate a concrete diagnosis of fibromyalgia. Moreover, for the *one* medical record pertaining to fibromyalgia that was analyzed, the ALJ analyzed it under SSR 99-2p (chronic fatigue syndrome) instead of SSR 12-2p (fibromyalgia). This skewed analysis of the medical evidence further dovetails with the ALJs flawed credibility finding and is thus a further reason to remand.

To be sure, the Court is mindful of the Commissioner's contention that the evidence would yield the same conclusion even if it were analyzed under SSR 12-2p. But that argument is merely a post-hoc rationalization of the ALJ's erroneous analysis, and it cannot save the ALJ's findings on appeal *See Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010). Ultimately, there is clear evidence in the record that

6

indicates a diagnosis of fibromyalgia, and thus the duty rests with the ALJ — not this Court or the Commissioner — to analyze, discuss, and weigh the value of that evidence in light of SSR 12-2p, and then further determine how that finding squares with Plaintiff's claims of disabling pain for the relevant period. The ALJ did not do that here, and therefore the Court cannot conclude that his decision is based on substantial evidence.

Based on its conclusion that remand is necessary for the above reasons, the Court declines to explore in detail the remaining errors claimed by Plaintiff. That said, the Commissioner should not assume the remaining issues were omitted because no error was found, and Plaintiff may raise those issues to the ALJ on remand.[3]

---

[3] Plaintiff further requests the Court to order that this case be heard in front of a different ALJ and that independent medical experts be called to testify at the new hearing, but absent evidence of clear bias or prejudice, these requests are beyond the Court's power. *See Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993).

## CONCLUSION

For the above reasons, the Court grants in part and denies in part Plaintiff's Motion for Summary Judgment, [Doc. No. 19], and denies the Commissioner's Motion for Summary Judgment, [Doc. No. 27]. This case is hereby remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion.

**SO ORDERED.**          **ENTERED:**

**DATE: May 7, 2015**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**